## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JOHN BOWMAN,** *et al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:09-CV-2464-VEH** |
| | ) | |
| **CITY OF GADSDEN, ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This matter is before the court on a Motion to Remand (doc. 5) filed by

Plaintiffs.  Defendant, the City of Gadsden, Alabama, opposes the motion.  (doc. 7).

In essence, this case appears to be a breach of contract dispute between Plaintiffs,

who are active or retired police officers, and Defendant.  Defendant removed this

action to federal court under the premise that federal question jurisdiction is present.

(doc. 1).  For the reasons discussed herein, Plaintiffs' Motion to Remand is due to be

**GRANTED**.

Under the federal question jurisdiction statute, 28 U.S.C. § 1331,
a district court has subject matter jurisdiction over "all civil actions
arising under the Constitution, laws, or treaties of the United States."
Whether a claim arises under federal law for purposes of 28 U.S.C. §
1331 is generally determined by the well-pleaded complaint rule, "which
provides that federal jurisdiction exists only when a federal question is
presented on the face of the plaintiff's properly pleaded complaint."
*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429,
96 L. Ed. 2d 318 (1987).  A well-pleaded complaint presents a federal

> question where it "establishes either that federal law creates the cause
> of action or that the plaintiff's right to relief necessarily depends on
> resolution of a substantial question of federal law." *Franchise Tax Bd.*
> *v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28,
> 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983).

*Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). "It is the general rule that

an action may be removed from state court to federal court only if a federal district

court would have original jurisdiction over the claim in suit." *Jefferson County v.*

*Acker*, 527 U.S. 423, 430 (1999) (citing 28 U.S.C. § 1441(a)).

In its notice of removal, Defendant contends that Plaintiffs' state-court

complaint is removable because it contains "statements that defendant denied or

deprived plaintiff of 'equal protection,' implying a violation of rights guaranteed

under the Fourteenth Amendment to the United States Constitution." (doc. 1, pp. 1-

2). The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person

of life, liberty, or property, without due process of law; nor deny to any person within

its jurisdiction the equal protection of the laws." U.S. Const., Amend. XIV § 1.

Contrary to Defendant's contention, a Fourteenth Amendment claim is not evident

on the face of Plaintiffs' state-court complaint. Plaintiffs' state-court complaint

asserts a single count for "Breach of Contract / Equitable Relief" under which

Plaintiffs allege that they "are entitled to equal protection . . . ." (doc. 1-6, ¶ 5).

Plaintiffs do not, however, allege that they were <u>denied</u> such protection. Moreover,

Plaintiffs argue that they "have not specifically alleged a violation of the U.S. Constitution." (doc. 5, p. 1).  This court agrees.

Even when one assumes *arguendo* that Plaintiffs have stated an equal protection claim, such a claim is not exclusive to federal law.  Alabama's Constitution arguably guarantees the citizens of Alabama equal protection under the laws.  *See Tolbert v. Tolbert*, 903 So. 2d 103, 109 (Ala. 2004) (noting that the Alabama Supreme Court previously held or implied in several instances that there is a state law cause of action for violation of an Alabama citizen's right to equal protection under the laws but that there is also an unresolved "dispute" as to whether Alabama's Constitution guarantees that protection) (citations omitted).  Plaintiffs are allegedly citizens of Alabama and would be afforded such a guarantee.  Therefore, even if Plaintiffs had raised an equal protection claim, there is nothing of record such that this court could determine whether the claim is being brought under the U.S. Constitution or the Alabama Constitution or both.

Nevertheless, Plaintiffs have not pled an equal protection claim (or any other federal claim), and in the absence of a clear statement in the state-court complaint that Plaintiffs are pursuing a Fourteenth Amendment claim, federal jurisdiction is not

present.[1]  The court will not assume that such a claim has been implicitly pled.  As such, this court lacks subject matter jurisdiction over this lawsuit, and this case is due to be remanded to state court.

A separate Order of Remand will be entered consistent with this Memorandum Opinion.

**DONE** this the 2nd day of March, 2010.

VIRGINIA EMERSON HOPKINS
United States District Judge

---

[1] It is worthy of note that, while the parties focus their arguments on the allegations of the original state-court complaint, Plaintiffs purportedly amended that pleading five times before the case was removed to this court.  Defendant contends that it has not been served with any of the amended complaints.  In any event, after reviewing each of the five amended complaints, the court finds that none of those pleadings state a Fourteenth Amendment equal protection claim.